**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

UNITED STATES OF AMERICA,

v.                                                          Case No. 2:20-cr-4-FtM-60NPM

KWAMEAINE RASHAD BROWN,

     Defendant.
_____/

### ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS

This matter is before the Court on Defendant's "Motion for Pre-Trial Suppression Hearing and Memorandum of Law in Support Thereof," filed by counsel on March 11, 2020. (Doc. 40).  On March 30, 2020, the United States of America filed a response in opposition to the motion.  (Doc. 44).  After several continuances, including several caused by the COVID-19 pandemic, the Court held a bifurcated suppression hearing on October 26, 2020, and December 4, 2020.  After reviewing the motion, response, testimony, evidence, legal arguments, court file, and the record, the Court finds as follows:

### Background

The facts are largely undisputed and included on a video recording that the Court has carefully reviewed.  On December 31, 2019, Officers Birch and Gaide were on patrol during the New Year's Eve festivities.  After being informed by other officers that two individuals were observed placing rifles into a white vehicle in the Harlem Lakes community, Officers Birch and Gaide stationed themselves nearby at the corner of Dupree Street and State Road 82 (also known as Dr. Martin Luther

King Jr. Boulevard).  The officers observed a white vehicle cross the stop bar before coming to a complete stop.[1]  Officers Birch and Gaide subsequently conducted a traffic stop; Defendant was a passenger in the vehicle.  Officer Birch advised the driver of the vehicle that the reason for the stop was his failure to stop at the stop sign.

During the stop, Officer Birch observed an open bottle of Chambord in the back seat, along with spilled alcoholic beverages in the front seat.  Other officers arrived at the scene, including an officer with a canine who conducted a free air sniff of the vehicle.  The canine partner Rogue alerted for the presence of narcotics. Officers then conducted a search of the vehicle and discovered four firearms. Although Defendant stated that he was authorized to have a gun, officers retrieved his criminal history and learned that he was a convicted felon.  As a result, officers arrested Defendant for possession of a weapon as a convicted felon, and he was subsequently indicted on January 15, 2020.

In his motion, Defendant challenges the legality of the traffic stop. Defendant argues that because the vehicle came to a complete stop at the stop sign, there was no probable cause or reasonable suspicion for the officers to believe that the driver or occupants of the vehicle had committed a crime.  Defendant requests that the Court suppress all evidence derived from the search, including any

---

[1] The officers testified that they observed the vehicle pass through the stop bar before coming to a complete stop.  Defense counsel, attempting to cast doubt upon the officers' credibility, argued that their view was obstructed by a palm tree.  This issue appears to present the only real factual dispute between the parties.

firearms found in the vehicle and any statements he made during the encounter with law enforcement.

## Legal Standard

"The Fourth Amendment prohibits 'unreasonable searches and seizures' by the Government, and its protections extend to brief investigatory stops of persons or vehicles that fall short of traditional arrest." *United States v. Arvizu*, 534 U.S. 266, 273 (2002). "[A] decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation occurred . . . and an officer's motive in making the traffic stop does not invalidate what is otherwise objectively justifiable behavior under the Fourth Amendment." *United States v. Simmons*, 172 F.3d 775, 778 (11th Cir. 1999) (citing *Wren v. United States*, 517 U.S. 690, 699 (1996)).

## Analysis

Upon review, the Court finds that the initial stop was lawful because Officers Birch and Gaide had probable cause to believe that the driver of the vehicle committed a traffic infraction. The Court finds the testimony of Officers Birch and Gaide to be credible, including their testimony that they observed the white vehicle pass through the stop bar before coming to a complete stop. In addition, the Court viewed surveillance video from the stop, which further supports the officers' testimony as to the encounter.[2]

---

[2] The Court acknowledges, but does not find persuasive, Defendant's argument that the surveillance video was distorted due to its position on a high post a few blocks away.

Although many reasonable people may agree that the stop at issue here was a highly technical, "ticky-tacky" sort of traffic stop, there is no doubt that Florida law requires a driver to stop at a clearly marked stop line before entering a crosswalk or intersection. *See* § 316.123(2)(a), *F.S.* ("Except when directed to proceed by a police officer or traffic control signal, every driver of a vehicle approaching a stop intersection indicated by a stop sign shall stop at a clearly marked stop line . . . ."). Courts interpreting this statute have concluded that a vehicle is required to stop before any part of that vehicle crosses the stop line. *See, e.g., United States v. Smith*, No. 2:06-cr-42-FtM-29SPC, 2006 WL 2226313, at *7 (M.D. Fla. Aug. 3, 2006); *State v. Daniels*, 158 So. 3d 629, 631 (Fla. 5th DCA 2014); *State v. Robinson*, 756 So. 2d 249, 250 (Fla. 5th DCA 2000). So although the vehicle may have actually come to a complete stop at the stop sign, the driver committed a technical traffic infraction by failing to come to a complete stop *before* any part of the vehicle passed through the stop bar.

If a law enforcement officer "has probable cause to believe a violation of law has occurred, it is reasonable for him to make a traffic stop." *Smith*, 2006 WL 2226313, at *2 (quoting *United States v. Weaver*, 145 F. App'x 639, 641 (11th Cir. 2005)); *see also* § 901.151, *F.S.* (officer may detain person when officer reasonably believes person has committed, is committing, or is about to commit a crime). Because the vehicle breached the stop bar before coming to a complete stop, the officers had probable cause to believe that the driver of the vehicle committed a traffic infraction. Therefore, the officers had a lawful basis to initiate the traffic

stop and detain the driver and any occupants of the vehicle – including Defendant – during the duration of the traffic stop. *See, e.g.*, *Arizona v. Johnson*, 555 U.S. 323, 333 (2009) (officers may temporarily detain passengers during reasonable duration of traffic stop); *Presley v. State*, 227 So. 3d 95, 106 (Fla. 2017) (same). The motion to suppress is denied.

**DONE** and **ORDERED** in Chambers, in Fort Myers, Florida this 9th day of December, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**